# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID THURMAN,<br># B36829,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN/JANE DOE,<br><br>      Defendant. | Case No. 18-cv-835-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Thurman, an inmate of the Illinois Department of Corrections currently house at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that, on a single occasion, he was denied access to a magazine that depicted women in the nude. He names as a defendant John/Jane Doe, the unidentified correctional officer who confiscated his magazine. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **THE COMPLAINT**

On or about November 27, 2016,[1] Plaintiff, who had recently been transferred to Menard from Stateville Correctional Center ("Stateville"), "was called to property." (Doc. 1, p. 9). When Plaintiff arrived, John/Jane Doe, a correctional officer working in the property department, told Plaintiff a magazine he attempted to transfer from Stateville had been confiscated because it depicted penetration. *Id.* According to Plaintiff, the magazine contained nude photographs of women, but did not depict penetration. (Doc. 1, pp. 9, 13).

On November 27, 2016, Plaintiff filed a grievance pertaining to John/Jane Doe confiscating his magazine.[2] (Doc. 1, p. 13). Plaintiff claimed that the confiscation was not authorized because the magazine was a "nude magazine with women only in it no penetration." *Id.* The grievance was denied by J. Clendenin, a counselor, on the ground that the magazine was

---

[1] A grievance attached to the Complaint indicates that the confiscation may have occurred on November 25, 2016. (Doc. 1, p. 15).
[2] Plaintiff also complained about his chess pieces being confiscated. (Doc. 1, p. 13).

2

"contraband due to penetration in it." *Id.* Plaintiff's grievance was subsequently considered by the Larissa Wandro, a grievance officer. (Doc. 1, p. 12). Wandro concluded that Plaintiff's claims pertaining to the confiscated magazine were unsubstantiated and recommended denying the grievance. *Id.* The Chief Administrative Officer concurred with Wandro's recommendation. *Id.* Plaintiff appealed to the Director, but his appeal was denied as untimely. (Doc. 1, p. 11). Plaintiff filed an additional grievance on December 8, 2016. (Doc. 1, p. 15). Plaintiff indicated that he wanted the Publication Review Committee to evaluate the magazine and provide a written explanation of its findings. *Id.* As to this request, the grievance counselor stated, "Personal Property has the same ban list that the Publication Review Officer has so the magazines are a dead issue." *Id.*

Plaintiff contends that the subject confiscation was not "random" because it is "their" policy to allow correctional officers in the personal property department to confiscate restricted publications. (Doc. 1, p. 9). Plaintiff contends that the confiscation violated the Illinois Administrative Code because (1) the Chief Administrative Officer did not concur with the decision of the publications review officer (*see* Ill. Admin. Code tit. 20 §525.230 (d)) and (2) Plaintiff did not receive a written explanation pertaining to the confiscation (*see* Ill. Admin. Code tit. 20 §525.230(c)). *Id.* Plaintiff also contends that the confiscation violated his First and Fourteenth Amendment rights. Finally, Plaintiff contends that his grievances pertaining to the matter were mishandled. *Id*

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion regarding their merit. **Any claims not addressed in this Order are considered dismissed without prejudice from this action**.

> **Count 1:** First Amendment claim against John/Jane Doe for confiscating Plaintiff's magazine on a single occasion (on or about November 25, 2016 or November 27, 2016).
>
> **Count 2:** Fourteenth Amendment claim against John/Jane Doe for confiscating Plaintiff's magazine on a single occasion (on or about November 25, 2016 or November 27, 2016).
>
> **Count 3:** Claim against John/Jane Doe for violating the Illinois Administrative Code.

**Count 1**

The freedom of speech under the First Amendment includes the freedom to speak and to read. *King v. Federal Bureau of Prisons*, 415 F.3d 634, 638-39 (7th Cir. 2005) (citing *Stanley v. Georgia*, 394 U.S. 557, 564 (1969); *Lamont v. Postmaster General*, 381 U.S. 301, 306-07 (1965)). Although inmates do not lose these rights when they are incarcerated, prison officials may impose some restrictions on them. *Turner v. Safley*, 482 U.S. 78 (1987). Officials have "great latitude" in limiting a prisoner's reading materials. *Payton v. Cannon*, 806 F.3d 1109, 1110 (7th Cir. 2015).

When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. at 89. However, "the arbitrary denial of access to published materials violates an inmate's first amendment rights." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoting *Martin v. Tyson*, 845 F.2d 1451, 1454 (7th Cir.) (per curiam), *cert.* denied, 488 U.S. 863 (1988)). The Supreme Court outlined four factors that courts must consider when evaluating whether a regulation that restricts inmates' rights is reasonably related to a legitimate penological interest sufficient to withstand constitutional scrutiny. *Turner*, 482 U.S. at 89-91. These factors include:

"(1) the validity and rationality of the connection between a legitimate and neutral government objective and the restriction; (2) whether the prison leaves open 'alternative means of exercising the restricted right; (3) the restriction's bearing on the guards, other inmates, and the allocation of prison resources; and (4) the existence of alternatives suggesting that the prison exaggerates its concerns." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Turner*, 482 U.S. at 89–91). The Supreme Court has held that "regulations affecting the sending of a 'publication' ... to a prisoner must be analyzed under the *Turner* reasonableness standard. Such regulations are 'valid if [they are] reasonably related to legitimate penological interests.'" *Abbott*, 490 U.S. at 413 (quoting *Turner*, 482 U.S. at 89) (alteration in original).

Whether John/Jane Doe properly rejected Plaintiff's magazine based on legitimate penological concerns cannot be determined at this early stage. The decision to withhold the publication violates the First Amendment if the reasons for doing so run afoul of the *Turner* reasonableness factors. Here, the stated reason for confiscating the magazine was that it depicted penetration, presumably in violation of 20 Illinois Administrative Code § 525.230.[3] The Seventh Circuit has determined that a prison may constitutionally withhold obscene or sexually explicit magazines under this section. *Smith v. Donohue*, 1992 WL 238340, at *1 (7th Cir. Sept. 24, 1992). In *Smith*, the subject magazines were withheld pursuant to § 525.230 because they depicted penetration. On Appeal, the Seventh Circuit adopted the district court's application of the four *Turner* factors to determine the constitutionality of § 525.230. Plaintiff claims, however, that the magazine did not depict penetration. Plaintiff claims the magazine included depictions of women in the nude and suggests that these depictions were permissible. This at least suggests that the confiscation of Plaintiff's magazine may have been arbitrary. Accordingly, reading the

---

[3] Although § 525.230 is referenced in the Complaint, it is not entirely clear whether the magazine was withheld pursuant to this section of the Illinois Administrative Code.

Complaint liberally and accepting Plaintiff's allegations as true—which the Court must do at this stage of the litigation—the Court finds that Count 1 merits further consideration.

**Count 2**

Plaintiff also asserts that confiscation of the magazine violates his right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. In *Procunier v. Martinez*, 416 U.S. 396, 418-19 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court stated that the decision to censor inmate mail must be accompanied by minimum procedural safeguards, including notice of censorship, and an opportunity to protest to an official other than the one conducting the censorship. In this case, Plaintiff received notice; John/Jane Doe informed Plaintiff that the publication was being withheld for depictions of penetration. In addition, Plaintiff filed grievances pertaining to the confiscation, which were resolved by officials other than the John/Jane Doe. Plaintiff objects because he did not receive a written notice and because he allegedly did not receive other protections provided for in the Illinois Administrative Code. But failure to follow the Illinois Administrative Code's requirements does not establish a constitutional due process violation. A federal court does not enforce state law or regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), cert. denied, 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Count 3**

The Complaint suggests that Plaintiff's grievances pertaining to the confiscation were mishandled and/or that Plaintiff was somehow denied full access to the grievance process. Prison

grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Count 3 shall therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### IDENTIFICATION OF UNKNOWN DEFENDANT

Plaintiff will be allowed to proceed against John/Jane Doe. But this individual must be identified with particularity before service of the Complaint can be made on him or her. Also, where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For that reason, Menard's current warden, Jacqueline Lashbrook, in her official capacity, shall be added to the docket for the purpose of responding to discovery (informal or formal) aimed at identifying John/Jane Doe. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John/Jane Doe is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## INJUNCTIVE RELIEF

Warden Lashbrook is also the appropriate party with respect to Plaintiff's request for injunctive relief. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, Warden Lashbrook also will remain on the docket to carry out any injunctive relief that is ordered.

## DISPOSITION

The Clerk of the Court is **DIRECTED** to add Jacqueline Lashbrook (official capacity only) as a defendant in order to respond to discovery aimed at identifying the unknown defendant and to carry out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **JOHN/JANE DOE**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED with prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**